UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**UNITED STATES OF AMERICA**　　　　　　　**CASE NO. 2:08-CR-00043-01**

**VERSUS**　　　　　　　　　　　　　　　　　　**JUDGE ROBERT G. JAMES**

**ODEGREAN D. FONTENOT (01)**　　　　　　**MAGISTRATE JUDGE KAY**

## RULING and ORDER

Before the Court is Joint Motion Agreeing to Eligibility for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act. [Doc. No. 89]. Pursuant to the motion, the United States and Defendant Odegrean Fontenot agree Defendant "is eligible for reduced terms of imprisonment and supervised release pursuant to the First Step Act." *Id.* at 1. Defendant urges the Court to reduce his sentence of imprisonment on Count 4 to 100 months (i.e., the bottom of his sentencing guideline range) and to reduce his term of supervised release to four years. *Id.* Although the government agrees Defendant is eligible for a sentence reduction, it argues no reduction should be imposed after consideration of the factors set forth in 18 U.S.C. § 3553(a).

On January 15, 2009, Defendant pleaded guilty to Possession of Cocaine Base with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count 4), and to Possession of Firearms in Furtherance of Drug Trafficking Crimes in violation of 18 U.S.C. § 924(c)(1)(A) (Count 6). [Doc. No. 41]. On August 28, 2009, Defendant was sentenced to 140 months on Count 4 and sixty months on Count 6, with the sentences to run consecutively, thereby resulting in a total term of imprisonment of 200 months. [Doc. Nos. 55, 56]. On March 13, 2012, Defendant's sentence on Count 4 was reduced to 120 months (the statutory mandatory minimum at that time) due to retroactive amendments to the sentencing guidelines. [Doc. No. 79].

All parties agree that pursuant to the First Step Act, Defendant's statutory mandatory minimum sentence as to Count 4 is now five years, and his statutory mandatory minimum term of supervised release is four years. Additionally, all parties agree Defendant's revised guideline calculation produces a range of imprisonment of 100 to 125 months. [Doc. No. 89 at 2-3]. The Court has reviewed the briefs of both parties [Doc. Nos. 88, 90], the original Presentence Investigation Report, the Retroactivity Report and addendum thereto submitted by the United States Probation Office in connection with the pending motion, and Defendant's Summary Reentry Plan – Progress Report from the Bureau of Prisons [Doc. No. 90-1]. The Court has additionally reviewed the Indictment [Doc. No. 2], the plea agreement and transcript of the plea hearing [Doc. Nos. 42, 68], the government's motion addressing the sentencing guidelines [Doc. No. 52], the transcript of the sentencing hearing [Doc. No. 69], and the Order granting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) [Doc. No. 79, *see also* Doc. No. 80]. While the Court notes Defendant does have a lengthy criminal history, the majority of his offenses occurred in his early twenties. He is now almost 46 years old. The Court further notes that while Defendant's BOP disciplinary record is somewhat problematic, BOP finds Defendant's "interaction with staff and inmates is appropriate and no management concerns are noted at this time." [Doc. No. 90-1 at 2]. The records compiled by BOP further indicate Defendant has utilized the programs made available through BOP to gain "employable work skills." *Id.* at 1. For these reasons, and after consideration of the factors set forth at 18 U.S.C. § 3553(a), the Court finds a sentence at the bottom of the guideline range is sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. However, the Court declines Defendant's request for a reduction to his term of supervised release. The sentencing judge ordered defendant to be on supervised release for five years as to both Counts 4 and 6, with

supervised release to run concurrently. Even if the Court were to reduce Defendant's term of supervised release on Count 4 to four years, he would still be subject to a five-year term of supervised release on Count 6.[1] Accordingly,

IT IS HEREBY ORDERED that the Joint Motion Agreeing to Eligibility for Imposition of a Reduced Sentence [Doc. No. 89] is GRANTED as follows: the Court will issue an amended judgment reducing Fontenot's sentence on Count 4 to 100 months, with all other provisions of the judgment imposed on August 28, 2009[2] remaining in effect.

In light of the above, the Clerk of Court is INSTRUCTED to terminate the pro se Motion to Reduce Sentence [Doc. No. 84] as MOOT.

SIGNED this 2nd day of December, 2019.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] No argument has been made that the First Step Act grants the Court authority to modify the term of supervised release on Count 6.

[2] *See* Doc. No. 56.